UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROKU, INC.,<br><br>    Plaintiff,<br>  v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>    Defendants. | Case No. 24-cv-7035<br><br>Honorable Sunil R. Harjani<br><br>**DEFENDANTS YINGCAI-STORE, SHENZHENSHIYIKUNGONGYINGLIANYOUXIANGONGSI, AND SHENZHEN SHUNYIJIA E-COMMERCE CO., LTD'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT** |

**DEFENDANTS' ANSWER TO THE COMPLAINT**

Defendants Yingcai-Store, Shenzhenshiyikungongyinglianyouxiangongsi, and Shenzhen Shunyijia E-commerce Co., Ltd ("Defendants"), by and through its undersigned counsel, submit its Answer and Affirmative Defenses to the Complaint (Dkt. No. 1) for trademark infringement of Plaintiff Roku, Inc. ("Plaintiff").

**INTRODUCTION**

Defendants deny the allegations made in Paragraphs 1-4 of Plaintiff's Complaint as calling for legal conclusions, among other reasons.

**JURISDICTION AND VENUE**

With respect to Paragraphs 5 and 6 of Plaintiff's Complaint, Defendants respond that Plaintiff is asserting an action for trademark infringement and false designation of origin pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. Defendants admit this Court has jurisdiction over the unfair deceptive trade practices claim in this action that

arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

Defendants deny the allegations made in Paragraph 7 of the Complaint.

## THE PLAINTIFF

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 8-14 of the Complaint.

## THE DEFENDANTS

Defendants deny the allegations stated in Paragraphs 15-26 of Plaintiff's Complaint.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)
### [Against Defendants Designated in Schedule A]

Defendants deny the allegations stated in Paragraphs 27-33 of Plaintiff's Complaint.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
### [Against Defendants Designated in Schedule A]

Defendants deny the allegations stated in Paragraphs 34-38 of Plaintiff's Complaint.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510/1, et seq.)
### [Against Defendants Designated in Schedule A]

Defendants deny the allegations stated in Paragraphs 39-48 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any relief, including any request for a preliminary injunction or monetary damages as stated in pages 14-17 of Plaintiff's Complaint.

**WHEREFORE**, Defendants respectfully request judgment in its favor dismissing the Plaintiff's Complaint, and for such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendants hereby state the following affirmative defenses to the allegations in Plaintiff's Complaint, but do not assume the burden of proof on any such defenses except as otherwise required by law. Defendants also reserve the right to assert additional defenses as their applicability may be revealed through the course of discovery, and to otherwise supplement or amend this Answer.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Defendants as a result of improper, and lack of, service of process; joinder is improper in this case.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every allegation separately fails to state any cause of action against Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the causes of action alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived the causes of action and recovery alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

**(Non-Infringement)**

Defendant has not infringed any trademarks federal or state law.

### SIXTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

**(Adequacy of Remedy of Law)**

The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated

by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3. That Defendants be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

DATED September 3, 2024.                          Respectfully submitted,

By: */s/ Pete Wolfgram*
Pete Wolfgram
Stratum Law LLC
2424 E. York St. Ste. 223
Philadelphia, PA, 19125
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 3, 2024, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: September 3, 2024                             /s/ Pete Wolfgram
                                                    Pete Wolfgram